THE STATE OF MISSOURI *ex rel.* CHARLES P. JOHNSON, Relator,
  *v.* DANIEL M. DRAPER, STATE AUDITOR, Respondent.

1. *Practice, criminal — Costs bills not presented within two years cannot be allowed by State auditor.* — Section 24, chapter 10, Gen. Stat. 1865 (Wagn. Stat. 1336), which provides that "Persons having claims against the State shall exhibit the same, with the evidence in support thereof, to the auditor, to be audited, settled and allowed, within two years after such claims shall accrue, and not afterward," applies to fees of circuit attorneys omitted in the original costs bills and demanded on supplementary costs bills, when not presented within two years after the determination of the prosecutions in which the fees accrued; and the law quoted is not repealed as to such items by the act of March 12, 1870 (Sess. Acts 1870, p. 29), authorizing a supplemental taxation.

*Petition for Mandamus.*

*H. A. Clover,* for relator.

I. The auditor doubts his power to allow the bills because of the provisions of law (Gen. Stat. 1865, ch. 137, § 24, tit.

" Treasury Department ;" 2 Wagn. Stat. 1336, § 24), which provides: " Persons having claims against the State shall exhibit the same, with the evidence in support thereof, to the auditor, to be audited, settled and allowed, within two years after such claims shall accrue, and not afterward." Mr. Johnson found his right to be paid these fees under the act of 1870 (1 Wagn. Stat. 352, § 26). With regard to the fees in question, the provisions of this act of 1870 have been in all respects complied with; and the question arises, can or should the State auditor pay these supplemental bills as provided by these acts, or is he debarred from so doing by section 24, chapter 137, Gen. Stat. 1865, above referred to ?

II. Section 24, Wagn. Stat. 1336, does not at all apply to claims of this class. These are fees fixed by law, the taxing of which is to be made by the clerk and certified to by the circuit attorney and judge of the court, and which thereupon it is the duty of the auditor to pay. They are not claims within the meaning of the section, to be exhibited, with the evidence in support thereof, to the auditor, to be by him audited, settled and allowed; but the compensation of the officer is his fees, which are fixed and determined by law, and not a claim in any proper sense of the term.

III. In any event, the act of 1870 lifted this demand from the operation of the act, for it is evidently designed for the benefit of officers and other persons, so that they may not by mistake or inadvertence lose their justly earned dues. The Legislature has a perfect right to repeal the general law *pro tanto* in favor of those whom the State owes for services rendered it — its own officers — and leave the General Statute in force with regard to other classes of claims. The two laws may well, if required, stand together, but excepting from the operation of the old law the particular cases mentioned in the new law, the act of 1870. The act of 1870 is very comprehensive: " In all cases where the clerk has heretofore, at any time previous to March, 1870, or may hereafter omit," etc.

*A. J. Baker*, Attorney-General, for respondent.

BLISS, Judge, delivered the opinion of the court.

The petitioner claims that he is entitled to fees as circuit attorney of St. Louis county in certain cases where they were omitted in the original costs bills, and asks for a peremptory *mandamus* upon the defendant, as auditor of State, to pay them. It appears that, having discovered the omission, the petitioner procured supplementary costs bills embracing only the omitted items, according to the provisions of the act of March 12, 1870 (Wagn. Stat. 352, § 26), and presented them to the auditor, who refused to allow them because not presented within two years.

Section 24, chapter 10, Gen. Stat. 1865 (Wagn. Stat. 1336), reads as follows: "Persons having claims against the State shall exhibit the same, with the evidence in support thereof, to the auditor, to be audited, settled and allowed, within two years after such claims shall accrue, and not afterward."

It is admitted that these supplemental costs bills were not presented until after the expiration of two years from the final determination of the prosecutions, and I can see no reason for excluding this class of claims from the operation of the statute. The language is general, and if the statute should be held not to apply to the claims of those interested in costs bills, I know not whose should be included, or how to fix any rule for enabling the auditor to decide what must be presented within two years, or what may lie by for an indefinite period. The reason of the requirement certainly applies with as much force to this as to any other class of claims, and we have no authority to say that the Legislature did not intend to require their prompt presentation. It is clear that the Legislature intended to limit the power of the auditor to recent and fresh claims, reserving to itself the power, if any strong equity should be shown in favor of an older one, to pass upon it by a special act.

But the petitioner claims that, as to omitted items in the taxation of costs, the law is, by implication, repealed by the act of March 12, 1870, authorizing a supplemental taxation. If one act be inconsistent with the other, both, of course, cannot stand, and the one last enacted must prevail. But I see no such incon-

The State of Missouri ex rel. Ripley Co., relator, v. The Register of Lands.

sistency. Everything required by the last act may as well be done within the two years as after, and the limitation is not even alluded to.

The other judges concurring, the writ will be denied.